UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUSTAVO MORA HERNANDEZ,<br>Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA, and<br>ATTORNEY GENERAL JOSH SHAPIRO,<br>Respondents. | :<br>:<br>:<br>:    No. 19-cv-00279<br>:<br>:<br>:<br>: |

# **O P I N I O N**
**Report and Recommendation, ECF No. 8 – Adopted**

**Joseph F. Leeson, Jr.**                                                                      **February 4, 2020**
**United States District Judge**

## I.     INTRODUCTION

In 2017, Gustavo Mora Hernandez filed a Petition for Writ of Review pursuant to the All Writs Act, 28 U.S.C. § 1651(a), requesting his guilty plea be vacated on the ground his trial counsel was constitutionally ineffective for not advising him of the immigration consequences of his plea. Hernandez filed this Petition for Writ of Review, rather than a traditional 28 U.S.C. § 2254 petition because he was released from state probation in 2014.

Magistrate Judge Richard A. Lloret issued a Report and Recommendation ("R&R") concluding Hernandez's Petition for Writ of Review is not available in federal court to attack a state criminal judgment, such as here.

Hernandez filed objections to the R&R. After de novo review, this Court overrules the objections and adopts the findings and conclusions in the R&R. The extraordinary remedy provided by the All Writs Act is not available under the facts of this case.

## II. STANDARD OF REVIEW

### A. Objections standard

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### B. All Writs Act, 28 U.S.C. § 1651

The writs of error *coram nobis* and *audita querela* are available to federal courts under the All Writs Act. *See United States v. Morgan*, 346 U.S. 502, 506 (1954). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute[, but w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985).

The writ of *coram nobis* is generally used to attack allegedly invalid convictions when the petitioner is no longer "in custody" for purposes of 28 U.S.C. § 2255, not 28 U.S.C. § 2254, but for which he is suffering continuing consequences. *See United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989). In 1996, the Supreme Court reaffirmed its observation from almost half a century earlier that "'it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate.'" *Carlisle v. United*

*States*, 517 U.S. 416, 429 (1996) (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)). Only errors of "the most fundamental kind" may warrant relief of the "extraordinary remedy" of a writ of *coram nobis*. *See Stoneman*, 870 F.2d at 105-06. "Earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise." *Id.* at 106.

The writ of *audita querela* is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009). The "writ is available only where the petitioner raises a (1) valid legal objection; (2) to a judgment that arises after that judgment is entered; and (3) that is not redressable by some other means." *Muirhead v. AG of the United States*, 262 F. App'x 473, 474 (3d Cir. 2008). "Because *audita querela* is an extraordinary remedy, it is appropriate only in compelling circumstances." *United States v. Tonagbanua*, 706 F. App'x 744, 746-47 (3d Cir. 2017) (internal quotations omitted).

## III. ANALYSIS

This Court has conducted de novo review and overrules Hernandez's objections to the R&R. Magistrate Judge Lloret thoroughly reviewed the issues presented in this case, and succinctly analyzed the facts and applicable legal authority. The findings and conclusions in the R&R are adopted and incorporated herein. This Court writes separately only to address Hernandez's objections.

Hernandez's first objection alleges Magistrate Judge Lloret misread his writ, asserting that he was not seeking a writ of *coram nobis* but was seeking a writ under the All Writs Act. However, Hernandez is misguided. The writs of error *coram nobis* and *audita querela* are available to federal courts under the All Writs Act. *See Morgan*, 346 U.S. at 506. Thus, *coram nobis* is an avenue to pursue under the All Writs Act. Accordingly, Magistrate Judge Lloret

3
020420

committed no error in analyzing Hernandez's writ of *coram nobis* under the All Writs Act. The objection is overruled.

Hernandez's second objection is that Magistrate Judge Lloret failed to address Hernandez's claims on the merits. However, Hernandez is beyond the time frame to properly file a federal habeas petition as the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year limitations period for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). Moreover, *coram nobis* may not be used to avoid AEDPA's gatekeeping requirements. *United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000). The Third Circuit has ruled *coram nobis* is only applicable in state court, not federal court. *Obado v. New Jersey*, 328 F.3d 816, 718 (3d Cir. 2003); *see also Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (*coram nobis* applicant is to be sent to court that issued judgment); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (same); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (same); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) (*coram nobis* petition set forth no claim for relief cognizable in federal court).

As Hernandez's habeas petition is time barred, he must turn to other avenues of relief. But, Hernandez's attempted avenue of relief is precluded as *coram nobis* is only applicable in state court, not federal court. The proper venue for Hernandez was state court. As Hernandez's claims are procedurally deficient, the Court does not have jurisdiction to address his claim on the merits. The objection is overruled.

Hernandez's last objection states he is entitled to relief pursuant to the All Writs Act and Fourteenth Amendment. He cites to *Padilla v. Kentucky*, 559 U.S. 356 (2010), to support to this theory. However, as discussed in Hernandez's second objection, he cannot continue in his writ of *coram nobis* because *coram nobis* is only applicable in state court, not federal court.

4
020420

Furthermore, while Hernandez did not explicitly invoke a writ of *audita querela*, a writ of *audita querela* is only applicable in circumstances where his claim for relief is not redressable by other means. *See Muirhead*, 262 F. App'x at 474. Hernandez's claim for relief is redressable by other means, a petition for habeas corpus. Hernandez's claim of ineffective assistance of counsel is squarely within the confines of a petition for habeas corpus. The objection is overruled.

Neither the statute making the writ of error *coram nobis* available in federal courts in criminal matters, *see* 28 U.S.C. § 1651(a), nor any Federal Rule of Appellate Procedure requires a certificate of appealability [COA] before an appeal may be taken, nor does such a requirement appear in the case law." *United States v. Baptiste*, 223 F.3d 188, 189 n.1 (3d Cir. 2000). *See also United States v. Potts*, 765 F. App'x 638 (3d Cir. 2019) (holding that a COA is not required to appeal the denial of a writ of *audita querela* and affirming the district court's order under the All Writs Act). However, to the extent that relief is sought pursuant to 28 U.S.C. § 2254, a COA is denied. "Under the [AEDPA], a 'circuit justice or judge' may issue a COA only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

After de novo review, this Court agrees with the Magistrate Judge that the Petition for Writ of Review under the All Writs Act is inapplicable in these circumstances. Hernandez's

objections to the R&R are overruled. This Court adopts the findings and conclusions in the R&R.

The Petition for Writ of Review is denied.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge